**ONE 1960 OLDSMOBILE CONVERTIBLE COUPE, Serial No. 608W–02641, Registered Title Owner, Edgar Dwight Bass, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19480.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1966.

Decided Dec. 28, 1966.

---

Mr. E. Riley Casey, Washington, D. C., with whom Mr. Richard P. McLaughlin, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and TAMM, Circuit Judges.

PER CURIAM:

Edgar Dwight Bass, Jr., registered title owner of the automobile involved in this proceeding, entered a plea of guilty to one count of an indictment charging a violation of the Federal narcotics laws and was duly sentenced to a term of imprisonment. Thereafter, the present proceedings were initiated by the United States to effect the forfeiture of the automobile under 49 U.S.C. § 782.[1] After pretrial proceedings, a hearing at which Bass was represented by court-appointed counsel was conducted in the district court. Following the taking of testimony, the district court judge approved a finding of fact that the subject automobile had been used in violation of pertinent statutes and ordered the forfeiture of the car.

The single narrow issue requiring our discussion is whether the district court erred in refusing to issue—at the request of Bass—subpoenas for two witnesses. This question was previously before a panel of this court after a judge of the district court, in a prehearing motion, declined to issue subpoenas at Government expense because, "there is no provision for subpoenaing witnesses at Government expense in a civil case." On January 14, 1965, we ruled that on the record then before the court this denial "was not clearly an abuse of discretion."

During the trial of the forfeiture case, the then presiding judge stated he would issue the requested subpoenas, provided the testimony of the witnesses would be relevant. Ultimately, and after proffers of the testimony of the two proposed witnesses, the trial judge declined to issue

---

1. § 782. Seizure and forfeiture

Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited: *Provided*, That no vessel, vehicle, or aircraft used by any person as a common carrier in the transaction of business as such common carrier shall be forfeited under the provisions of this chapter unless it shall appear that (1) in the case of a railway car or engine, the owner, or (2) in the case of any other such vessel, vehicle, or aircraft, the owner or the master of such vessel or the owner or conductor, driver, pilot, or other person in charge of such vehicle or aircraft was at the time of the alleged illegal act a consenting party or privy thereto: *Provided further*, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State. Aug. 9, 1939, c. 618, § 2, 53 Stat. 1291.

the subpoenas. Despite some ambiguity in the record, we conclude that the district judge did not commit reversible error. We note that the most obvious witness on behalf of Bass' claim that he did not use this car in the offense to which he pleaded guilty was Bass himself. Represented by counsel at the hearing and having entered his plea of guilty and been sentenced, he was confronted with no problem of self-incrimination. Without his testimony positively denying the use of the subject automobile, the proffered testimony of the two proposed witnesses would have constituted at best a suggested, possible, limited corroboration of a fact not established in evidence. Under these circumstances, we conclude that the action of the trial judge must be affirmed.

Other questions raised by diligent court-appointed counsel seek to apply to these civil proceedings certain principles of criminal law. We believe that the case law is so well settled upon these points as to require no discussion in this case.

Affirmed.